# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:08cv79

| | |
|---|---|
| AMY R. YATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | )     ORDER |
| | ) |
| HVM, LLC, a Delaware limited liability company, d/b/a HV Management LLC, and as Extended Stay America, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on plaintiff's Motion to Quash Subpoenas Duces Tecum Mailed on September 26, 29, 30, and October 1, 2008. The issue presented concerns whether the subpoenas were sent out within the time allowed for discovery in the Pretrial Order, an issue which has generated several hundred pages of argument, affidavits, and exhibits. At the heart of the issue is whether the parties agreed to an extension of the Pretrial Order beyond the October 1, 2008, discovery cutoff. Plaintiff claims that she did not so agree and defendant claims that she did. While the Pretrial Order does allow the parties to engage in consensual discovery up to 10 days before trial, there is no provision in the Pretrial order which provides for court enforcement of consensual discovery. Put another way, parties can continue

on beyond the discovery cutoff, but they do so at their own peril. The court simply cannot enforce an agreement to which it was not a party, especially where that agreement was not reduced to a formal writing. The better practice is, instead, to simply file a motion with the court to enlarge the time for discovery, which would result in an enforceable Order.

Turning to the substance of the subpoenas, it would appear that such were issued at the end of discovery not due to a lack of diligence, but in response to answers given by the plaintiff at her deposition. While the court sees no need to get into the specifics of those revelations, it would appear that her answers have given reason to believe that previous discovery responses were not accurate and may be untruthful, that plaintiff may have misrepresented her educational qualifications and past employment, that plaintiff may or may not have made application for employment at certain hotels, and that plaintiff may have purchased drug paraphernalia for use at work on defendant's premises. The veracity of any witness who is likely to present testimony before this court is a matter that strikes at the heart of the judicial process. Likewise, plaintiff has a substantial interest in rehabilitating any cloud that has been placed on her veracity. It appears to the court, therefore, that the subpoenas defendant issued are designed to determine whether plaintiff has been truthful in her discovery responses and her sworn testimony. Thus, the court finds

that good cause has been shown to enlarge the time for completion of discovery. Rather than reach the issue of whether the parties actually agreed to enlarge the discovery period, the court will extend the discovery period through December 12, 2008, *nunc pro tunc* for the limited purpose of serving subpoenas and deem the subpoenas already issued by defendants to be within the time provided by the Pretrial Order. Such period is also opened for plaintiff to serve whatever subpoenas she may believe are necessary. The provision of the Pretrial Order allowing for consensual discovery beyond the discovery deadline is stricken in this particular case as the parties have not properly documented agreements impacting discovery. See Fed.R.Civ.P. 29.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Quash Subpoenas Duces Tecum Mailed on September 26, 29, 30, and October 1, 2008. plaintiff's Motion to Compel (#36) is **DENIED**, and discovery is **REOPENED** and **ENLARGED** *nunc pro tunc* through December 12, 2008, for the limited purpose of serving whatever subpoenas the parties may deem necessary.

Signed: November 18, 2008

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge