# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:08cv79

| | |
|---|---|
| AMY R. YATES, )<br>)<br>       Plaintiff, )<br>)<br>Vs. )<br>)<br>HVM, LLC, a Delaware limited liability )<br>company, d/b/a HV Management LLC, )<br>and as Extended Stay America, )<br>)<br>       Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on the plaintiff's Motion to Seal. Particularly, plaintiff seeks permission to seal documents 38, 48, 58, 59, and 60.[1] For cause, the plaintiff states that such exhibits contain sensitive personal, medical, and business information concerning plaintiff and other employees as well as defendant's business operations.

The sealing of pleadings in this court is governed by Local Civil Rule 6.1 (W.D.N.C. 2008). The rule provides in relevant part as follows:

> **LCvR 6.1  SEALED FILINGS AND PUBLIC ACCESS.**
> **(A)**  *Scope of Rule*. This rule shall govern any request by a party

---

[1] Plaintiff did not request that such documents be sealed when they were originally filed.

to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making. As used in this rule, "materials" shall include pleadings as well as documents of any nature and in any medium.

**(B)** *Filing Under Seal.* No materials may be filed under seal except by Order of the Court, pursuant to a statute, or in accordance with a previously entered Rule 26(e) Protective Order.

**(C)** *Motion to Seal or Otherwise Restrict Public Access.* A request by a party to file materials under seal shall be made by formal motion pursuant to LCvR 7.1. Such motion shall be filed electronically under the designation "Motion to Seal." The motion or supporting brief shall set forth:

> **(1)** a non-confidential description of the material sought to be sealed;
>
> **(2)** a statement as to why sealing is necessary and why there are no alternatives to filing under seal;
>
> **(3)** unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and
>
> **(4)** supporting statutes, case law or other authority.

* * *

**(E)** *Public Notice.* No motion to seal or otherwise restrict public access shall be determined without reasonable public notice. Notice shall be deemed reasonable where a motion is filed in accordance with the provisions of LCvR 6.1(C). Other parties, interveners, and non-parties may file objections and briefs in opposition or support of the motion within the time provided by LCvR 7.1 and may move to intervene under Fed. R. Civ. P. 24.

**(F)** *Orders Sealing Documents.* Orders sealing or otherwise restricting access shall reflect consideration of the factors set forth in LCvR 6.1(C). In the discretion of the Court, such orders may be filed electronically or conventionally and may be redacted.

* * *

L.Cv.R. 6.1(W.D.N.C. 2008).

While the full period under Local Civil Rule 7.1 has yet to expire, the court deems that there has been sufficient public notice and that no party has indicated a desire to intervene. The court will, therefore, reach the merits of the motion so as not to delay this matter. The court would, of course, consider any objection to sealing filed within the allowed period by revisiting the issue in the event an objection is subsequently filed.

Next, the court considers the factors contained in Local Civil Rule 6.1(C). The first factor is found in Local Civil Rule 6.1(C)(1), which requires that the parties adequately describe the materials sought to be sealed. The rule requires "a non-confidential description of the material sought to be sealed." L.Civ.R. 6.1(C)(1). The rule is intended to give third-parties, including the press, fair notice of the nature of the materials sought to be sealed. The description contained in the motion is adequate.

The court next considers Local Civil Rule 6.1(C)(2), which requires "a statement as to why sealing is necessary and why there are no alternatives to filing under seal." L.Cv.R. 6.1(C)(2). Clearly, much of the material contained in these pleadings would not be subject to seal inasmuch as much of the material is not sensitive. Plaintiff could have filed parts of these pleadings in a manner

that would have segregated confidential and personally sensitive information from information that should not be sealed.² It appearing, however, that such error cannot now be corrected and that the pleadings contain an array of sensitive personal, health, and business records, the court finds that there are no alternatives at this point to sealing.

As to Local Civil Rule 6.1(C)(3), the parties have not indicated that sealing should be permanent. While the court would agree that the information will remain sensitive throughout the lifetime of the plaintiff, the employees, and the corporation, there are no provisions for sealing matters beyond the life of the case, inasmuch as case materials must be placed in archives. Thus, the court will allow the seal to continue throughout the life of the case, but lift the seal at the conclusion of the case, requiring a list of materials to be returned to be filed with the Clerk of court after the time for appeal has been exhausted. Finally, the court has considered Local Civil Rule 6.1(C)(4), which requires the parties to provide citations of law supporting the relief they seek. While plaintiff cites an unpublished decision of a New York district court, the court has considered

---

² The court notes that the better practice is to assign each document an exhibit number inasmuch as this aids not only thee sealing process, but allows the court's attention to be directed swiftly to a relevant document.

the decision of the Court of Appeals for the Fourth Circuit in <u>Media general operations, Inc. v. Buchanan</u>, 417 F.3d 424 (4th Cir. 2005), which held as follows:

> We have held that in determining whether to seal judicial documents, a judicial officer must comply with certain procedural requirements. *Washington Post*, 807 F.2d at 390. The decision to seal documents must be made after independent review by a judicial officer, and supported by "findings and conclusions specific enough for appellate review." *Goetz*, 886 F.2d at 65-66. If a judicial officer determines that full public access is not appropriate, she "must consider alternatives to sealing the documents" which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the government's motion to seal. *Goetz*, 886 F.2d at 66.

<u>Id.</u>, at 429. The proposed sealing of the exhibits in this matter appears to be in conformity with prevailing law.

Having considered all of the factors provided in Local Civil Rule 6.1(C), the court will allow the Motion to Seal and direct the Clerk of this Court to seal docket entries numbered 38, 48, 57, 58, 59, and 60 and no others. The court reserves the right to revisit such sealing if objections are filed by third parties.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the plaintiff's Motion to Seal (#65) is **ALLOWED**, and documents 38, 48, 57, 58, 59, and 60 are **SEALED**.

Signed: December 1, 2008

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge